UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. OTTO,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. EDCV 11-1925-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On December 6, 2011, Raymond E. Otto ("Plaintiff") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") finding, in a continuing disability review, that his disability had ceased as of February 1, 2008. The Commissioner filed an Answer on March 16, 2012. On July 12, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

On January 6, 1992, Plaintiff filed an application for Social Security Disability Insurance benefits. (JS 1.) In January 1992, Plaintiff was deemed disabled since February 1, 1988, due to schizophrenia and antisocial personality disorder. (AR 294.)

In a continuing disability review in 2008, Plaintiff was determined to have experienced medical improvement and his benefits were terminated as of February 1, 2008. (AR 430.) Plaintiff filed an appeal of this determination and a disability hearing officer determined that Plaintiff was no longer disabled. (AR 330-41.) Plaintiff timely requested a hearing which was held before Administrative Law Judge ("ALJ") David Ganly on February 23, 2010. (AR 342, 600-39.) Plaintiff appeared and testified at the hearing but was not represented by counsel. (AR 602.) A medical expert and psychological expert also testified at the hearing. (AR 610-30.) The ALJ issued a decision on April 9, 2010, upholding the cessation of benefits based on medical improvement. (AR 34-41.) On October 13, 2011, the Appeals Council denied review of the ALJ's decision. (AR 9-12.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, there are two disputed issues: whether the ALJ properly assessed the medical evidence, and whether the ALJ properly evaluated Plaintiff's credibility.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). "Once a claimant has been found to be disabled, . . . a presumption of continuing disability arises in [the claimant's] favor" and the Commissioner "bears the burden of producing evidence sufficient to rebut the presumption of continuing disability." Bellamy v. Sec'y of Health & Human Servs., 755 F.2d 1380, 1381 (9th Cir. 1985).

A recipient whose condition has improved medically so that he is able to engage in substantial gainful activity is no longer disabled. 42 U.S.C. § 1382c(a)(4); 20 C.F.R. §§ 404.1594, 416.994; Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1459 (9th Cir. 1995). A medical improvement is

> any decrease in the medical severity of [a recipient's] impairment(s) which was present at the time of the most recent favorable medical decision that [the recipient was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes

(improvement) in the symptoms, signs and/or laboratory findings associated with [the recipient's] impairment(s).

20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i) (internal citation omitted).

To determine if a claimant continues to be disabled, the ALJ must follow a seven- or eight-step sequential evaluation process.[1]  20 C.F.R. §§ 404.1594, 416.994.

The first step for a Disability Insurance benefits claim is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If so, the claimant is no longer disabled.  20 C.F.R. § 404.1594(f)(1).

The second step for a Disability Insurance benefits claim and the first step for a Supplemental Security Income benefits claim ("step two") is to determine whether the claimant has an impairment or combination of impairments which meets or medically equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the Social Security regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant's disability continues.  20 C.F.R. §§ 404.1594(f)(2), 416.994(b)(5)(i).

At step three, the ALJ must determine if medical improvement has occurred which results in a decrease in the medical severity of the claimant's impairments.  20 C.F.R. §§ 404.1594(f)(3), 416.994(b)(5)(ii).  If so, the analysis proceeds to the fourth step.  If not, the analysis proceeds to the fifth step.

At step four, the ALJ must determine if any medical improvement is related to the ability to work.  20 C.F.R. §§ 404.1594(f)(4), 416.994(b)(5)(iii).

At step five, the ALJ must determine if an exception to medical improvement applies.  20 C.F.R. §§ 404.1594(f)(5), 416.994(b)(5)(iv).  If certain exceptions apply, the analysis proceeds to the next step.  If other exceptions apply, the claimant is no longer disabled.  If no

---

[1]As explained below, a claim for Disability Insurance benefits involves one more step than does a claim for Supplemental Security Income benefits.  For convenience, the Court will refer to the steps as they are numbered for a Disability Insurance benefits claim.  Although his initial application was for Disability Insurance benefits, Plaintiff appears to have received both types of benefits.  (See AR 34-41, 608.)

4

exceptions apply, the claimant's disability continues. 20 C.F.R. §§ 404.1594(d)-(e), 416.994(b)(3)-(4).

At step six, the ALJ must determine whether the claimant's impairments in combination are severe. 20 C.F.R. §§ 404.1594(f)(6), 416.994(b)(5)(v). If not, the claimant is no longer disabled.

At step seven, the ALJ must assess the claimant's residual functional capacity[2] and determine if he or she can perform past relevant work. 20 C.F.R. §§ 404.1594(f)(7), 416.994(b)(5)(vi). If so, the claimant is no longer disabled.

At step eight, the ALJ must determine whether the claimant can perform any other substantial gainful activity. 20 C.F.R. §§ 404.1594(f)(8), 416.994(b)(5)(vii). If so, the claimant is no longer disabled. If not, the claimant's disability continues.

## THE ALJ'S DECISION

The ALJ determined that the most recent favorable medical decision finding that Plaintiff continued to be disabled was the determination dated June 3, 1994. (AR 36.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity as of February 1, 2008. (AR 36.) At step two, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments. (AR 36.) At steps three and four, the ALJ determined that medical improvement had occurred as of February 1, 2008, and that the improvement was related to Plaintiff's ability to work. (AR 36-37.) The ALJ implicitly determined at step five that no exception indicating nondisability or continuing disability applied. (See AR 37.) At step six, the ALJ found that Plaintiff's impairment of schizophrenia continued to be severe. (AR 37.) The ALJ determined that Plaintiff possessed the RFC to perform medium work except for work around dangerous, unguarded moving machinery or work at unprotected heights, and that Plaintiff was mentally limited to "object[-]oriented tasks, not requiring contact with the general public or the responsibility for

---

[2] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

5

the safety of others." (AR 37.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 38-39.) The ALJ found that plaintiff had no past relevant work but was capable of performing a significant number of jobs in the national economy. (AR 39-40.) The ALJ therefore concluded that Plaintiff was no longer disabled. (AR 41.)

## DISCUSSION

### The ALJ Did Not Properly Assess the Medical Evidence

Plaintiff argues that the ALJ failed to assess accurately the opinions of two examining physicians, internist Dr. Singh and psychiatrist Dr. Yang. The Court agrees.

### A. Relevant Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Id. at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating

physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

    1.     Dr. Singh

Dr. Singh performed an internal medicine examination on January 24, 2008. (AR 551-55.) He diagnosed Plaintiff with obesity, hypertension (well controlled with medication), hyperlipidemia, hyperthyroidism, and schizophrenia. He opined that Plaintiff could stand and walk for about four hours with breaks in a workday, sit without restriction, and lift and carry 25 pounds occasionally and 10 pounds frequently. (AR 555.) The ALJ acknowledged these limitations (AR 39) but adopted less restrictive limitations for Plaintiff's RFC without explaining why he discounted Dr. Singh's findings. (AR 37, 39.) Thus, the ALJ implicitly rejected Dr. Singh's opinion without providing any reasons for doing so. This was error.

The Commissioner attempts to defend the ALJ's implicit rejection of Dr. Singh's opinion by arguing that the ALJ reasonably relied on the testimony of the medical expert, Dr. Landau. (JS 11-12.) However, "an ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record

evidence." Lester, 81 F.3d at 831 (quotation marks, alteration, and emphasis omitted).  The ALJ gave no such reasons in this case, and the Court may not affirm the ALJ's decision on grounds not specified by the ALJ.  See Ceguerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the ALJ.").  Accordingly, remand is warranted for the ALJ to reevaluate Dr. Singh's opinion.

### 2. Dr. Yang

Dr. Yang performed a psychiatric evaluation of Plaintiff on January 13, 2008.  (AR 546-50.)  He diagnosed Plaintiff with "Adjustment Disorder, Anxious," and opined that Plaintiff could "follow one and two part instructions" and "adequately remember and complete simple tasks."  (AR 549.)  The ALJ acknowledged Dr. Yang's opinion but did not include these limitations in Plaintiff's RFC.  (AR 39.)  Instead, the ALJ found that Plaintiff was limited to "object[-]oriented tasks" and could not have "contact with the general public or the responsibility for the safety of others."  (AR 37.)  Thus, the ALJ implicitly rejected Dr. Yang's opinion that Plaintiff could only follow one- and two-part instruction and remember and complete simple tasks.  The ALJ committed legal error by not providing any reasons for rejecting these limitations.

The Commissioner argues that the ALJ did not err because Dr. Yang did not intend these functional abilities to be limitations, "but rather minimum standards." (JS 13.)  To support this argument, the Commissioner points out that Dr. Yang assessed Plaintiff with a Global Assessment of Functioning ("GAF") score of 65, indicating "some mild symptoms." (JS 13 (citing AR 549).)  But a GAF score is not determinative of mental disability for Social Security purposes. See 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000) ("[The GAF scale] does not have a direct correlation to the severity requirements in our mental disorders listings.").  Moreover, a more natural reading of Dr. Yang's report is that he did intend for the functional abilities to be limitations, not minimums.  If he believed Plaintiff was capable of performing more complex tasks, he likely would have said so.  (See AR 549.)  At best, Dr.

Yang's report was ambiguous on this point, triggering the ALJ's duty to develop the record more fully. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). To the extent the ALJ attempted to rely on the opinion of non-examining psychologist Dr. Glassmire to justify the omission of Dr. Yang's assessed limitations, such reliance was misplaced. Dr. Glassmire offered his own unsupported gloss of Dr. Yang's report: "Dr. Yang felt [Plaintiff] could do one to two step instructions. . . . Dr. Yang didn't have an opinion about complex tasks in the report, simple tasks were noted to be okay." (AR 626-27.) Thus, even had the ALJ cited this testimony as a reason for relying on Dr. Glassmire's rather than Dr. Yang's assessment, it would not constitute a specific and legitimate reason for doing so. See Lester, 81 F.3d at 831. Accordingly, remand is warranted for the ALJ to reevaluate Dr. Yang's opinion.[3]

## The ALJ Did Not Properly Discount Plaintiff's Credibility

Plaintiff argues that the ALJ failed to provide legally sufficient reasons for discounting the credibility of his subjective complaints. The Court agrees.

### A.  Relevant Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds

---

[3]The ALJ also may wish to consider obtaining an additional psychiatric evaluation of Plaintiff. The ALJ's decision rests largely on the testimony of a non-examining psychologist and Dr. Yang's report. Prior to this continuing disability review, Plaintiff had been deemed disabled due to schizophrenia and antisocial personality disorder since 1988. (AR 34, 36, 294). Yet Dr. Yang did not review any of Plaintiff's prior records, and he did not indicate an awareness of Plaintiff's history of these disorders. (AR 546-47; see AR 36.) In light of Plaintiff's long history of disability from mental illness, it may be useful for an examining psychiatrist to review Plaintiff's records.

the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B. Analysis**

In this case, the ALJ found that Plaintiff's "medically determinable impairment could reasonably be expected to produce the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." (AR 38.) Because the ALJ did not find that Plaintiff was malingering,[4] he was required to provide clear and convincing reasons for discounting his credibility. The ALJ did not do so.

The ALJ provided three reasons for discounting Plaintiff's credibility. First, the ALJ stated that Plaintiff's "testimony at the hearing was inconsistent with the objective medical record as well as the information provided by his examining sources as noted above." (AR 39.) An ALJ may consider whether the objective medical evidence supports a claimant's allegations, but this "cannot form the sole basis for discounting [subjective] testimony." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). Even if this were a clear and convincing reason to discount Plaintiff's credibility in this case, it does not suffice because the other two reasons provided by the ALJ are not legitimate.

Next, the ALJ wrote that Plaintiff's "motivation to work is highly questionable especially in light of the fact that he has spent much of his adult life incarcerated or in substance abuse

---

[4]Dr. Glassmire testified that there was no evidence of malingering. (AR 629.)

programs." (AR 39.) The ALJ does not discuss any evidence of Plaintiff's history of incarceration or participating in substance abuse programs aside from this statement. Moreover, Plaintiff was found to have been disabled by the Administration since 1988, accounting for his scant employment history. In addition, the ALJ did not consider whether Plaintiff's mental illness contributed to his alleged history of substance abuse and incarceration. Given that Plaintiff was considered to be disabled from 1988 until his 2008 continuing disability review, his minimal employment history does not clearly and convincingly detract from his credibility.

Finally, the ALJ discounted Plaintiff's credibility because "[d]espite being aware of his mental issues, he chooses to avoid psychiatric treatment and the use of psychiatric medication." (AR 39.) An ALJ may properly discount a claimant's credibility where there is "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Here, however, Plaintiff did explain his failure to seek treatment. He testified that he does not receive any mental treatment "by choice": ". . . I cannot stand psychiatrists. All they want to do is put pills down my throat which either zombifies me, makes me want to sleep all day or it wires me up." (AR 618.) He added that he never thought any mental health professionals were doing him any good. (AR 627-28.) Moreover, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) (quotation mark and citation omitted). Thus, Plaintiff's failure to seek treatment for his mental illness does not clearly and convincingly detract from his credibility.

Remand is warranted for the ALJ to reassess Plaintiff's credibility.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED for further proceedings in accordance with this Memorandum Opinion and Order and with law.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 2, 2012

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE